Melgarejo v. New York College of Podiatric Medicine

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand fifteen.

PRESENT:

DENNIS JACOBS,
ROSEMARY S. POOLER,
PETER W. HALL,
*Circuit Judges.*

_____

HERNAN MELGAREJO,

*Plaintiff-Appellant*,

v.                                                                          **14-1935**

NEW YORK COLLEGE OF PODIATRIC MEDICINE, *et al.*,

*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          Hernan Melgarejo, *pro se*,
                                                         North Bergen, New Jersey.

FOR DEFENDANTS-APPELLEES:       Jeffrey A. Kehl, Bond Schoeneck
                                                         & King PLLC, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Hernan Melgarejo, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Forrest, *J.*), granting summary judgment in favor of Defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Melgarejo, a graduate of the New York College of Podiatric Medicine, sues the college and several of its employees, pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq.* He alleges that a professor discriminated against him and other students of Hispanic origin, and that the podiatry college is generally inhospitable to Hispanic students. (Second Am. Compl. at 4.) Melgarejo's complaint also describes his bleak academic history at podiatry school: he failed a required course in surgery, allegedly as a consequence of his professor's discrimination; he was given another chance to take the class and earned a grade of C-minus; and his overall grade-point average was approximately 2.0. (*Id.* at 6.) Melgarejo seeks $10 million in compensatory damages, contending that the results of Defendants' discrimination have left him unable to obtain a position as a medical resident.

Defendants moved for summary judgment, highlighting the fact that Melgarejo had failed on eight consecutive attempts to pass Part II of the American Podiatric Medical Licensing Examination, a required standardized test (known as the "Boards") that is neither administered nor graded by Defendants. Defendants also provided statistical evidence of the attrition, graduation,

and post-graduation employment rates of Melgarejo's classmates, showing no significant disparity by race.   The district court granted summary judgment to Defendants.

We review orders granting summary judgment *de novo*, focusing on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law.   *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).   We resolve all ambiguities and draw all inferences in favor of the non-moving party.   *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999).

Melgarejo was required to show that Defendants discriminated against him because he was Hispanic, that this discrimination was intentional, and that "the discrimination was a substantial or motivating factor for the defendant's actions."   *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001) (internal quotation marks and citation omitted).   Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment.   We affirm for substantially the reasons stated by the district court in its thorough April 28, 2014 decision.

We have considered all of Melgarejo's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3